UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHRISTOPHER SLYTER,<br><br>    Defendant. | Case No. 13-cr-00227-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>Re: Dkt. 53, 56 |

Defendant/petitioner Michael Christopher Slyter filed a *pro se* motion to correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims a violation of his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). For the reasons discussed below, petitioner's motion is DENIED.

**BACKGROUND**

Petitioner pled guilty to possession of child pornography and was sentenced by this Court on January 24, 2014. The Court sentenced petitioner to 40 months in prison, which was below the low-end of his applicable Sentencing Guideline range of 51 months, as well as below the 42-month term recommended by the United States Probation Office. Dkt. 35.

Hours after sentencing, the government learned of the existence of an FBI 302 Report of Investigation that had not previously been disclosed to government counsel or to the defense. Dkt. 40-1 ¶ 3. The FBI 302 report documented the April 26, 2013, interview of Ninel V. Kushchenko ("Kushchenko"), the manager of a non-profit business called the U.S.-Russia Global Exchange. Dkt. 40-2. Kushchenko's business placed an orphaned minor student named Vladislav "Vlad" Danylevich LNU, in the petitioner's San Carlos, California, apartment on four occasions between

2003 and 2007. *Id.* According to the FBI 302 report, Kushchenko stated in her 2013 interview that Vlad "seemed to be very happy" with the petitioner as a host and, in her opinion, "Slyter was not pursuing Vlad with any malicious intent." *Id.*

Immediately after learning about the FBI 302 report, government counsel notified the Court and counsel for petitioner of the report's existence. Dkt. 40-1 ¶ 4. On January 31, 2014, petitioner, through his counsel, filed a Motion to Reduce/Correct Sentence based on the disclosure of the FBI 302. Dkt. 39. The Court held a hearing on the motion on February 7, 2014. At the hearing, counsel for the government stated, *inter alia*, that a telephone interview of Vlad conducted by the FBI on February 2, 2014, confirmed that Vlad's experience with petitioner was positive. Dkt. 61-1 at 4:11-21. At the hearing, the Court stated that at the time of the initial sentencing, "there was an unknown of this boy. So it affected my sentence. And I therefore, think that 36 months is a more appropriate sentence based on all the requirements of the statutes under which I am operating." Dkt. 61-1 at 7-8. On February 11, 2014, the Court issued an Amended Judgment reducing petitioner's sentence to 36 months.

On February 5, 2015, petitioner, now acting *pro se*, filed a second motion to correct his sentence based upon the disclosure of the same FBI 302 report.

## STANDARD OF REVIEW

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b); *United States v.*

*Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

Petitioner contends that the late disclosure of the FBI 302 report constitutes a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and he seeks an additional seven month reduction of his sentence. Petitioner contends that at the February 7, 2014 sentencing hearing, "the court agreed that a *Brady* violation had occurred." Dkt. 53 at 2.

In order to establish a *Brady* violation, one must show that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) the suppression prejudiced the defense. *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). With respect to the second element, the government cannot suppress evidence that is material either to the guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady*, 373 U.S. at 87. Furthermore, the initial burden is on the defendant to show suppression: the defendant must produce some evidence "to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it." *Price*, 566 F.3d at 910. If the defendant succeeds in producing such evidence, "the burden shifts to the government to demonstrate that the prosecutor satisfied his duty to disclose all favorable evidence known to him or that he could have learned." *Id*.

Petitioner has not demonstrated any basis for a further reduction of his sentence. As the government notes, the Court has already reduced petitioner's sentence based upon the disclosure of the FBI 302 report. Petitioner's current motion does not contain any new information, and petitioner has not shown that the government committed a *Brady* violation. Petitioner speculates that "it is apparent, if not conclusive that the 302 form was held by the United States Attorney in its own file on this case in light of how quickly it was 'discovered' after the January 24, 201[4] hearing." Dkt. 63 at 4. Petitioner has not provided any evidence in support of this claim, and to the contrary the only evidence in the record is that the government disclosed the FBI 302 report as soon as it learned of its existence. Dkt. 61-1 at 2, 5.

In addition, contrary to petitioner's assertions, the Court did not suggest at the February 7, 2014 hearing that the government committed a *Brady* violation. Rather, as the transcript of the hearing shows, the Court thanked the government for immediately disclosing the FBI 302 report and found it appropriate to amend petitioner's sentence pursuant to Rule 35. *Id*. The Court acknowledged that the original lack of information concerning "Vlad" was a "lingering unknown" when the Court imposed the original sentence, and the Court considered the FBI 302 report and reduced petitioner's sentence from 40 to 36 months in prison. Dkt. 61-1 at 3.

Accordingly, petitioner's motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: July 1, 2015

_____
SUSAN ILLSTON
United States District Judge